Mr. John S. Slye General Counsel Florida Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Slye:
You ask substantially the following questions:
1. When a person who has been adjudicated not guilty by reason of insanity of a sexually violent offense is in the custody of the Department of Children and Families, is the department responsible for the detention of such a person during proceedings under the Jimmy Ryce Act to determine whether the person is a sexually violent predator subject to involuntary civil commitment?
2. If so, may the Department of Children and Families contract with the sheriff of each county to provide secure facilities for such persons during the proceedings for involuntary commitment?
In sum:
1. When a person who has been adjudicated not guilty by reason of insanity of a sexually violent offense is in the custody of the Department of Children and Families, the department is responsible for the detention of the person during proceedings under the Jimmy Ryce Act to determine whether he or she is a sexually violent predator subject to involuntary civil commitment.
2. The Department of Children and Families may contract with the sheriff of each county to provide secure facilities for such persons during the proceedings for involuntary commitment.
Question One
Chapter 98-64, Laws of Florida, created the "Jimmy Ryce Involuntary Civil Commitment for Sexually Violent Predators' Treatment and Care Act," (Act) sections 916.31-916.49, Florida Statutes (1998 Supplement). The Act establishes legal procedures by which sexually violent predators may be committed to the Department of Children and Families (DCF) for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person is determined to be safe to be at large.
The Act contemplates that notice of the anticipated release of a person convicted of a sexually violent offense will be provided to a multidisciplinary team established by the DCF Secretary and to the state attorney of the circuit in which the person was last convicted of a sexually violent offense.[1] Following receipt of a written assessment and recommendation from the multidisciplinary team, the state attorney is authorized to file a petition to have the person declared a sexually violent predator. If the judge determines that probable cause exists, the judge "shall direct that the person be taken into custody and held in an appropriate secure facility."[2] If probable cause has been determined through an adversarial hearing, section 916.35(4), Florida Statutes (1998 Supplement), provides that the person is to be "held in an appropriate secure facility in the county where the petition was filed for an evaluation by a mental health professional."
A trial to determine whether a person is a sexually violent predator is to be held within 30 days after the determination of probable cause.[3] Section 916.37(2), Florida Statutes (1998 Supplement), provides:
If the court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large. At all times, sexually violent predators who are committed for control, care, and treatment by the Department of Children and Family Services under this section shall be kept in a secure facility segregated from patients who are not committed under this section.
The Act clearly imposes on DCF the responsibility for custody of persons adjudicated as sexually violent predators. The Act, however, is less clear in specifying responsibility for the detention of persons during the commitment proceedings (post-probable cause and pre-adjudication of sexually violent predator status) once they have served their sentences and would otherwise be released.[4]
The involuntary confinement proceedings authorized under the Act are linked not to any punitive objective, but to the purpose of holding a person until his or her mental abnormality no longer causes the person to be a threat to others. This civil commitment is not a second punishment for the offense for which the person was convicted, but relates to the custody, care and treatment of persons suffering from mental abnormalities. If the confined person is determined to be safe to be at large, he or she is entitled to be unconditionally released.[5] The interim confinement, after probable cause but prior to adjudication of the person's status as a sexually violent predator, must more closely mirror that provided for persons suffering from mental disorders rather than a continuation of the person's incarceration. It appears rational that the state agency charged with the responsibility for the care and treatment of persons suffering from mental disorders would be responsible for the interim custody and care of persons suffering from mental abnormalities and personality disorders pending their adjudication as sexually violent predators.[6]
Accordingly, in light of DCF's responsibility in post-commitment custody, care and treatment, it appears that DCF would also be the entity responsible for the detention of persons during the commitment procedure.
Question Two
Section 22 of Chapter 98-64, Laws of Florida, provides that DCF "may contract with a private entity or state agency for use of and operations of facilities to comply with the requirements of this act." In light of this office's response to Question One, the question has been raised whether DCF may contract with the various sheriffs to provide interim custodial care of persons once probable cause has been found that such persons are sexually violent predators. This office has been advised that several sheriffs may be interested in providing such interim custodial care by contract.
An examination of the Act clearly requires that after a determination of probable cause has been made, the person must be placed in a secure facility. Moreover, if probable cause is determined after an adversarial hearing, the person must be held in a secure facility located "in the county where the petition was filed for an evaluation by a mental health professional."[7]
This office has been advised that in some counties, there are no state or private secure facilities available for the interim detention of persons subject to involuntary commitment under the Act. As noted above, the responsibility of DCF to care for these persons must be inferred. I cannot, therefore, conclude that the Legislature necessarily intended the provisions of section 22 of Chapter 98-64, Laws of Florida, to apply to DCF's pre-commitment responsibilities. Rather, the section would appear to relate to DCF's responsibilities after a person's adjudication as a sexually violent predator. Such a construction would appear to be reasonable in light of the requirement that such facilities for pre-commitment detention be located in the county in which the petition was filed, while no such limitation exists after a person has been civilly committed as a sexually violent predator.[8] In entering into such an agreement, however, DCF must ensure that these persons are treated in an appropriate manner and are segregated from prisoners in the jail.
It may be advisable for the Legislature to clarify its intent on these issues. Until such time, however, I am of the opinion that the Department of Children and Families may contract with the sheriff of each county to provide secure facilities for such persons during the proceedings for involuntary commitment.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, s. 916.33(1), Fla. Stat. (1998 Supp.). And see, s. 916.32(2), Fla. Stat. (1998 Supp.), which defines "Convicted of a sexually violent offense" to include a person who has been:
"(a) Adjudicated guilty of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere;
(b) Adjudicated not guilty by reason of insanity of a sexually violent offense; or
(c) Adjudicated delinquent of a sexually violent offense after a trial, guilty plea, or plea of nolo contendere."
[2] Section 916.35(1), Fla. Stat. (1998 Supp.).
[3] Section 916.36, Fla. Stat. (1998 Supp.).
[4] If civil commitment proceedings are commenced while the person is still serving a criminal sentence, the person remains criminally incarcerated, not civilly detained, during the term of that sentence, regardless of the ongoing proceedings to have the person declared a sexually violent predator.
[5] See, ss. 916.38-916.40, Fla. Stat. (1998 Supp.).
[6] See, Art. VII, s. 18, Fla. Const., limiting the Legislature's authority to pass a law requiring a county or municipality to spend funds or taxes or take action regarding the expenditure of funds. See also, s. 916.49, Fla. Stat. (1998 Supp.) providing that a county is not obligated to fund costs required by ss. 916.31-916.49, Fla. Stat.
[7] Section 916.35(4), Fla. Stat. (1998 Supp.).
[8] See, e.g., s. 916.37(2), Fla. Stat. (1998 Supp.), stating that if the court or jury determines that a person is a sexually violent predator, the person shall be committed to the custody of DCF and shall be "kept in a secure facility segregated from patients who are not committed under this section."